WAYNE A. SHAFFER, ESQ.
Nevada Bar No. 1519
BIBLE HOY & TRACHOK
201 West Liberty Street, Third Floor
Reno, Nevada 89501
(775) 786-8000

Attorneys for Defendant
Omni Distribution, Inc.



# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| LINDA S. HILTON and<br>CARY L. HILTON<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>OMNI DISTRIBUTION, INC., a<br>Tennessee corporation; DEFENSE<br>TECHNOLOGY CORPORATION OF<br>AMERICA, a Wyoming corporation; and<br>ARMOR HOLDINGS, INC., a Florida<br>Corporation,<br><br>　　　　Defendants | CASE NO. CV-N-01-0629-HDM-RAM<br><br>**OMNI DISTRIBUTION, INC.'S<br>ANSWER TO COMPLAINT AND<br>DEMAND FOR JURY TRIAL** |

Omni Distribution, Inc. answers the Complaint as follows:

I

Answering the allegations contained in Paragraph I, Defendant admits that the parties to this action appear to have diverse citizenship and that Plaintiff alleges that she sustained sever and permanent injuries as the result of an accident which appears to have taken place in Nevada. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph I.



II

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph II.

III

Answering the allegations contained in Paragraph III, Defendant admits that it is a Tennessee corporation and that it has engaged in the business of manufacturing tactical devices and related activities. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Defense Technology Corporation of America and Armor Holdings, Inc. Defendant denies the remaining allegations contained Paragraph III.

IV

Defendant denies the allegations contained in Paragraph IV.

V

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph V. Defendant affirmatively denies liability and, upon information and belief, alleges that Plaintiff Linda S. Hilton's conduct may have contributed to the events referred to in the Complaint.

VI

Defendant denies the allegations contained in Paragraph VI.

VII

Defendant denies the allegations contained in Paragraph VII.

VIII

Defendant denies the allegations contained in Paragraph VIII.

IX

Answering the allegations contained in Paragraph IX, Defendant admits that it has engaged in the business of manufacturing tactical devices, including the Omni Blast 100 Tactical Distraction Device. Defendant denies that it engages in the manufacture and related activities with regard to all component parts of the Omni Blast 100 Tactical Distraction Device including manufacture of the fuze. Defendant denies the remaining allegations contained in Paragraph IX.

X

Answering the allegations contained in Paragraph X, Defendant admits that it is subject to those duties which may be imposed upon it as a matter of law. Defendant affirmatively denies liability and denies the allegations contained in Paragraph X.

XI

Defendant denies the allegations contained in Paragraph XI.

XII

Defendant denies the allegations contained in Paragraph XII.

XIII

Defendant denies the allegations contained in Paragraph XIII.

XIV

Defendant denies the allegations contained in Paragraph XIV.

XV

Defendant denies the allegations contained in Paragraph XV.

XVI

Defendant denies the allegations contained in Paragraph XVI.

## XVII

Defendant denies the allegations contained in Paragraph XVII.

## XIX (sic)

Defendant denies the allegations contained in Paragraph XIX (sic).

## **FIRST DEFENSE**

The Complaint and each of the claims therein fail to state a claim upon which relief can be granted to Plaintiff against Defendant.

## **SECOND DEFENSE**

Defendant is informed and believes and thereon alleges that Plaintiff Linda S. Hilton negligently and carelessly conducted herself in and about the matters referred to in the Complaint, which said negligence and carelessness on the part of Plaintiff proximately caused and contributed to the accident, injuries and damages referred to in the Complaint and exceeded the combined negligence of Defendant, which negligence is denied.

## **THIRD DEFENSE**

Defendant is informed and believes and thereon alleges that the Distraction Device referred to in the Complaint was misused and abused after it left the possession and control of Defendant and said misuse and abuse proximately caused and contributed to the accident, injuries and damages referred to in the Complaint.

## **FOURTH DEFENSE**

Defendant is informed and believes and thereon alleges that the Distraction Device referred to in the Complaint was substantially altered, modified or changed after it left the possession and control of Defendant, which said alteration, modification or change proximately caused and contributed to the accident, injuries and damages referred to in the Complaint.

## FIFTH DEFENSE

Defendant is informed and believes and thereon alleges that the events referred to in the Complaint were caused by third persons or other parties over whom Defendant had no right of control and for whose conduct Defendant is not vicariously liable.

## SIXTH DEFENSE

Defendant is informed and believes and thereon avers that other unforeseeable actions, conduct or circumstances were intervening superseding causes of the accident, injuries and damages referred to in the Complaint.

## SEVENTH DEFENSE

Defendant is informed and believes and thereon avers that at all times referred to in the Complaint, Plaintiff Linda S. Hilton had full and complete knowledge of each, every and all of the circumstances and conditions existing at the time and place of the accident or incident referred to in the Complaint and with such knowledge Plaintiff freely, voluntarily and knowingly consented to and assumed the rise of each, every and all of said circumstances and conditions, including the risk of the accident, injuries and damages referred to in the Complaint.

## EIGHTH DEFENSE

Defendant is informed and believes and thereon alleges that Plaintiffs' claims are barred by the Learned Intermediary Doctrine.

## NINTH DEFENSE

Imposition of punitive damages against Defendant would violate the Constitution of the United States and the Constitution of the State of Nevada.

///

///

## TENTH DEFENSE

Defendant is informed and believes and thereon alleges that Plaintiff Linda S. Hilton's alleged breach of warranty claim referred to in the Complaint is barred based on lack of consideration and privity of contract/warranty.

## ELEVENTH DEFENSE

Defendant is informed and believes and thereon alleges that Plaintiffs have failed to mitigate their damages.

## TWELFTH DEFENSE

Defendant is informed and believes and thereon alleges that the Court lacks personal jurisdiction over this Defendant.

## THIRTEENTH DEFENSE

Defendant incorporates by references any applicable affirmative defenses of any Co-Defendant as if fully set forth herein.

Wherefore, Defendant prays that Plaintiffs take nothing by reason of the Complaint against Defendant, that the same be dismissed with prejudice and judgment entered in favor of Defendant against Plaintiffs for Defendant's costs of suit incurred herein and for such other and further relief as may be proper.

Dated this 1st day of February, 2002.

BIBLE HOY & TRACHOK

WAYNE A. SHAFFER, ESQ.
201 W. Liberty Street, Third Floor
Reno, Nevada 89501
(775) 786-8000
Attorneys for Defendant
Omni Distribution, Inc.

## DEMAND FOR JURY TRIAL

Defendant Omni Distribution, Inc. demands a trial by jury of all the issues of fact in the above-caption action.

Dated this 1st day of February, 2002.

                              BIBLE HOY & TRACHOK

                              WAYNE A. SHAFFER, ESQ.
                              201 W. Liberty Street, Third Floor
                              Reno, Nevada 89501
                              (775) 786-8000
                              Attorneys for Defendant
                              Omni Distribution, Inc.

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of the law firm, BIBLE, HOY & TRACHOK, Attorneys at Law, and that on the 1st day of February, 2002, I caused a true and correct copy of the foregoing attached document to be deposited for mailing with the United States Postal Service at Reno, Nevada, enclosed in a sealed envelope, postage prepaid, addressed to the following:

Peter D. Durney, Esq.
Durney & Brennan, Ltd.
691 Sierra Rose Drive, Suite A
Reno, NV 89511

R. Scott Baker, Esq.
Badger & Baker
312 W. Third Street
Carson City, NV 89703

Robert A. Dotson, Esq.
Laxalt & Nomura, Ltd.
50 W. Liberty Street, Suite 700
Reno, NV 89501

_/s/ Dee A. Shaffer_
Dee A. Shaffer

-8-